**In re PIERCY, INC., Debtor.**

**PIERCY, INC., Plaintiff,**

v.

**WILLIAMS EQUIPMENT
CORP., Defendant.**

Bankruptcy No. 90–5–0051–JS.
Adv. No. A90–0221–JS.

United States Bankruptcy Court,
D. Maryland.

March 20, 1992.

James A. Vidmar, Jr., James D. Dalrymple, Linowes & Blocher, Silver Spring, Md., for plaintiff.

Daniel K. Maller, Williams Industries, Inc., Merrifield, Va., David E. Rice, Rochelle B. Fowler, Venable, Baetjer & Howard, Baltimore, Md., for defendant.

**MEMORANDUM OPINION DENYING
CROSS MOTIONS FOR SUMMARY
JUDGMENT**

JAMES F. SCHNEIDER, Bankruptcy Judge.

This is a complaint brought by the debtor-in-possession to avoid lien pursuant to Section 544(a) of the Bankruptcy Code. The parties have both filed motions for summary judgment, contending that each is entitled to judgment as a matter of law. For the reasons stated, both motions will be denied.

The U.S. Court of Appeals for the Fourth Circuit stated in the case of *Miller v. F.D.I.C.*, 906 F.2d 972 (1990):

Summary judgments are appropriate in those cases where there is no genuine dispute as to a material fact and it appears that the moving party is entitled to

**360**

a judgment as a matter of law. Fed. R.Civ.P. 56(c); *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). In other words, summary judgments should be granted in those cases where it is perfectly clear that no issue of fact is involved and inquiry into the facts is not desirable to clarify the application of the law. *Charbonnages De France v. Smith,* 597 F.2d 406, 414 (4th Cir.1979); *Stevens v. Howard D. Johnson Co.,* 181 F.2d 390, 394 (4th Cir.1950). On summary judgment, any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587–88, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). However, where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate. *Id.* at 587, 106 S.Ct. at 1356; *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248–49, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Most importantly, summary judgments are reviewed *de novo* on appeal. *Higgins v. E.I. Du-Pont De Nemours & Co.,* 863 F.2d 1162, 1166–67 (4th Cir.1988); *Felty v. Graves–Humphreys Co.,* 818 F.2d 1126, 1127–28 (4th Cir.1987).

906 F.2d at 973–74.

The parties agree that in 1985 the debtor came into possession of certain steel processing equipment by agreement with the defendant as lessor in return for a monthly payment of $4,000 and that the debtor signed a written lease which contained a provision vesting title in the debtor at the end of a ten-year lease term, but that the defendant did not sign the lease. Nevertheless, the parties agree that the defendant accepted the monthly payments when timely made by the debtor and that the debtor has continued in possession of the equipment down to the date of the filing of its Chapter 11 petition on January 4, 1990 and to the present day.

The parties are in disagreement regarding their actual intent to create a lease of goods as opposed to an installment sale by which the defendant retained an unrecorded security interest which the debtor may avoid. The determination of this "true intent" depends upon a number of factors which are outside the record. *See* James J. White and Robert S. Summers, *The Uniform Commercial Code* § 22–3 (2d ed. 1980); *Matter of Spangler,* 56 B.R. 990 (D.Md.1986). Among these factors are the fair market value of the "leased" equipment at the end of the lease term, the price paid for the equipment by the defendant, tax benefits to the parties, which party initiated the contract and proof of any recorded security interests held by third parties in the equipment. The circumstances surrounding the drafting of conflicting versions of the lease might also be relevant to the decision. These are outstanding issues of material fact which preclude the granting of summary judgment, even on cross motions. *Accord In re Alves Photo Service, Inc.,* 8 B.R. 864 (Bankr. D.Mass.1981).

The Court is currently of the opinion that the issue of the failure of the debtor's lease to conform to the statute of frauds is not dispositive of this case to the extent that the debtor's possession of the goods may be found to have been subject to a fully executed *oral* contract as opposed to an executory one.

Under the circumstances, both motions for summary judgment will be denied and this complaint will be scheduled for trial on the merits.

ORDER ACCORDINGLY.